UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RIOS ALVAREZ, JR., <br><br> Petitioner, <br><br> v. <br><br> ANTHONY HEDGPETH, Warden, <br><br> Respondent. | Case No. CV 10-9486-DMG (OP) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Dolly M. Gee, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**PROCEEDINGS**

On December 10, 2010, Roy Rios Alvarez, Jr. ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On March 14, 2011, Respondent filed a Motion to Dismiss the Petition for failure to exhaust state judicial remedies. (ECF No. 13.) On May 11, 2011, Petitioner filed a pleading entitled "Sixth Amendment Right to Effective Assistance of Counsel was Violated," along with supporting

exhibits, which the Court construed as Supplemental Exhibits in Support of the Petition. (ECF No. 22.) On May 20, 2011, Petitioner filed another Supplemental Exhibit. (ECF No. 20.) Petitioner did not file an Opposition to the Motion to Dismiss. Thus, this matter is ready for decision.

## II.
## **BACKGROUND**

On January 27, 2009, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court, case number NA079054, of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) and attempted criminal threats (Cal. Penal Code §§ 422, 664). On February 18, 2009, Petitioner was sentenced to a total state prison term of forty-two years to life. (Lodgment No. 1.)

Petitioner appealed to the California Court of Appeal, case number B214382. On May 25, 2010, the court of appeal ordered the correction of the abstract of judgment to reflect the trial court's oral pronouncement of sentence, but otherwise affirmed the judgment. (Lodgment No. 2.)

Petitioner then filed a petition for review in the California Supreme Court, case number S183401. (Lodgment No. 3.) On July 28, 2010, the supreme court denied the petition. (Lodgment No. 4.)

Petitioner has not sought habeas corpus relief in the California Supreme Court. (Pet. at 3; Official Records of California Courts.[1])

///

---

[1] Other than the petition for review filed in case number S183401, the Court has been unable to find any other supreme court filing by Petitioner associated with his state court conviction, case number NA079054. The Court takes judicial notice of the state appellate court records which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

## III.

## PETITIONER'S CLAIMS

Petitioner's sole claim raised in the current Petition is ineffective assistance of trial counsel. (Pet. at 5.) Based on the accompanying exhibits, Petitioner appears to contend that counsel was ineffective for failing to present available evidence to support a defense that Petitioner was under the influence of prescribed medications at the time he committed the crimes. (Id. Exs. A-U.)

## IV.

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158

(3d Cir. 1982).

In his petition for review filed in the state supreme court, Petitioner raised the following claims: (1) insufficient evidence was presented to support his conviction for attempted criminal threats (a) since there was evidence that Petitioner was under the influence of either medication or alcohol at the time of the offense and (b) the words uttered did not sufficiently convey a gravity of purpose and an immediate prospect of execution to reasonably cause the victim to be in sustained fear for his safety; and (2) the forty-two years to life sentence was grossly disproportionate to the crimes committed in violation of the Eighth Amendment. (Lodgment No. 3 at 2.) Petitioner's sole claim raised in the current Petition is ineffective assistance of trial counsel based on counsel's failure to present available evidence to support a defense that Petitioner was under the influence of prescribed medications at the time he committed the crimes. (Pet. at 5, Exs. A-U.) The claim was not included in the petition for review filed in the supreme court, and Petitioner has not sought habeas corpus relief in the state supreme court. (Id. at 3; Official Records of California Courts.)

Further, Petitioner was advised by his appellate attorney to file a habeas petition in the superior court, the court of appeal, or the state supreme court if he believed there were issues outside the record in his case he wished to raise, including a claim for ineffective assistance of counsel. Appellate counsel further informed Petitioner that he needed to present those claims to the state courts before filing a habeas petition in federal court. Finally, appellate counsel informed Petitioner that he could present a habeas petition directly to the federal court only if he was going to raise the issues raised in his direct appeal. (Lodgment No. 5.)

Based on the foregoing, the Court finds that Petition has failed to exhaust his state judicial remedies with respect to the sole claim raised in the current Petition. Thus, Petition is subject to dismissal without prejudice. See Rose, 455

U.S. at 522.

## V.

## **RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss the Petition; and (3) directing that Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state judicial remedies.

DATED: July 22, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROY RIOS ALVAREZ, JR., | ) | Case No. CV 10-9486-DMG (OP) |
|---|---|---|
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| ANTHONY HEDGPETH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# PROPOSED

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court accepts the findings and recommendations of the Magistrate Judge,

/ / /

/ / /

/ / /

IT IS ORDERED that Judgment be entered: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss the Petition; and (3) directing that Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state judicial remedies.

DATED: _____

HONORABLE DOLLY M. GEE
United States District Judge

Prepared by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROY RIOS ALVAREZ, JR., | ) | Case No. CV 10-9486-DMG (OP) |
| Petitioner, | ) ) ) | J U D G M E N T |
| v. | ) ) | |
| ANTHONY HEDGPETH, Warden, | ) ) | PROPOSED |
| Respondent. | ) ) ) | |

Pursuant to the Order Adopting Findings, Conclusions, and Recommendations of the United States Magistrate Judge,

IT IS ADJUDGED that the Petition is denied and this action is dismissed without prejudice.

DATED: _____

HONORABLE DOLLY M. GEE
United States District Judge

Prepared by:

*/s/ Oswald Parada*

HONORABLE OSWALD PARADA
United States Magistrate Judge